UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

VOCATIONAL DEVELOPMENT GROUP,
LLC d/b/a BEHAVIOR DEVELOPMENT
GROUP, a Florida corporation,

    Plaintiff,

vs.                                                                              **Case No.:**

AETNA HEALTH, INC., a Florida corporation,

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendant Aetna Health Inc. ("Aetna"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, respectfully gives notice of the removal of this action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida. As grounds for removal, Aetna states as follows:

### INTRODUCTION

1. Plaintiff filed this action naming Aetna as a defendant in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 17-CA-3993 (the "State Court Action"). Aetna was served with process on May 4, 2017, and, therefore, this Notice of Removal is timely filed within thirty (30) days after Aetna was served with process pursuant to 28 U.S.C. § 1446(b).

2. Copies of all process, summons, and pleadings served upon Aetna in the State Court Action are attached as **Exhibit A.**

3. The Complaint alleges that Aetna failed to provide benefits pursuant to certain health plans issued by Aetna for services allegedly provided by Plaintiff to Aetna's subscribers/members. Plaintiff alleges that it is entitled to the benefits due and payable from the Defendant for these services as an assignee and third-party beneficiary of the benefits payable under these plans. *See* Complaint at ¶¶ 31, 37.

4. As explained below, removal of the State Court Action is proper because this is a civil action that falls under the Court's original jurisdiction: Plaintiff has made claims against Aetna arising under federal law. *See* 28 U.S.C. §§ 1331, 1441(a).

5. This Court also has supplemental jurisdiction over any of Plaintiff's claims that do not arise under federal law because each claim is "so related to claims in the action within [this Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

6. Venue is proper in the Middle District of Florida, as the Circuit Court in which the action is pending is within the jurisdictional confines of the Middle District. *See* 28 U.S.C. § 1446(a); Rule 4.02, Local Rules of the United States District Court for the Middle District of Florida.

7. Aetna will file a copy of this Notice of Removal with the Clerk of Court, Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida and provide written notice to the plaintiff as provided by 28 U.S.C. § 1446(d).

**FEDERAL QUESTION JURISDICTION**

8. This Court has original, federal question jurisdiction over this action. Section 1331 of Chapter 28 of the U.S. Code provides that "[t]he district courts shall have original

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

9. The Complaint raises claims for Breach of Third Party Beneficiary Contract (Count I) and Unjust Enrichment (Count II) that are completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

10. Specifically, many of the subscribers/members had coverage with Aetna, or one of its affiliates, under employee benefit plans that were established and maintained by the subscribers/members' employer.[1] *See* benefit plans attached hereto as **Composite Exhibit B**. As such, some or all of the healthcare plans at issue in this case are governed by ERISA.

11. Plaintiff, as an alleged assignee and third-party beneficiary of the benefits payable under these ERISA-governed health plans, *see* Complaint at ¶¶ 31, 37; *see also* claim forms attached hereto as **Composite Exhibit C**, steps into the shoes of the subscribers/members and has derivative standing to sue as a "beneficiary" or "participant" of the healthcare plans as defined in § 1002 of ERISA. *See Lab Physicians, P.A. v. AvMed, Inc.*, No. 8:08-CV-1726-T-26EAJ, 2008 WL 11335171, at *2 (M.D. Fla. Oct. 17, 2008) (noting that the Eleventh Circuit has consistently held that healthcare providers have derivative standing to sue under ERISA when they obtain assignments from "beneficiaries" or "participants" of ERISA-governed plans); *Current Wave Med. Sys., Inc. v. Cigna Corp.*, No. 807-CV-1102-T-26EAJ, 2007 WL 5389120, at *2 (M.D. Fla. Aug. 3, 2007) (same).

12. The Plaintiff's claims arise out of requests for benefits pursuant to employer-sponsored health plans, and Aetna's administration of those benefits. Accordingly, plaintiff's claims arise under state laws that have an impermissible connection with the Aetna plans,

---

[1] Plaintiff identified several individuals as the members whose claims are at issue in this case and whose shoes they are stepping in as alleged assignees and third-party beneficiaries.

because their state law claims address central matters of plan administration, or interfere with nationally uniform plan administration, or both. ERISA preempts any state law that has an "impermissible 'connection with' ERISA plans, meaning a state law that 'governs . . . a central matter of plan administration' or 'interferes with nationally uniform plan administration.'" *Gobeille v. Liberty Mut. Ins. Co.*, 136 S.Ct. 936, 943 (2016) (quoting *Egelhoff v. Egelhoff*, 532 U.S. 141, 148 (2001)).

13. Based on the foregoing, Plaintiff's claims are completely preempted by ERISA and, therefore, this case is properly removed to this Court, as this Court has jurisdiction over this matter. *See Lab Physicians, P.A.*, 2008 WL 11335171, at *2-3 (holding that plaintiff's claims for quantum meruit, unjust enrichment, and breach of third party beneficiary contract were removable based on ERISA preemption); *Current Wave Med. Sys., Inc.*, 2007 WL 5389120, at *2-3 (holding that health care provider's claims for breach of a third-party beneficiary contract, declaratory judgment, and quantum meruit were completely preempted by ERISA and subject to removal).

14. Any claim for benefits arising under a non-*ERISA* plan, should any meet that definition, is properly before this Court under its supplemental jurisdiction and, therefore, removal of Plaintiff's Complaint in its entirety is appropriate. *See* 28 U.S.C. § 1367(a); *see also Current Wave Med. Sys., Inc.*, 2007 WL 5389120, at *3 n. 1 ("To the extent any of the claims for payment concern non-ERISA plans, the Court exercises supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367").

WHEREFORE, Aetna respectfully gives notice of the removal of the State Court Action to this United States District Court for the Middle District of Florida, and respectfully requests that this Court assume jurisdiction over this action.[2]

Dated:  June 5, 2017

Respectfully submitted,

DLA PIPER LLP (US)

By: _____
Ardith Bronson (FBN 423025)
ardith.bronson@dlapiper.com
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Tel.  305.423.8562
Fax. 305.503.9583

*Counsel for Defendant Aetna Health Inc.*

---

[2] Aetna does not waive any defenses by submitting this Notice of Removal.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 5th day of June, 2017 via U.S. mail and/or electronic mail to:

Sinead Baldwin, Esq.
Jorge M. Abril, P.A.
1200 Brickell Avenue, PH 2000
Miami, FL 33131
sbaldwin@abrilaw.com

*Counsel for Plaintiff*

                                                Ardith Bronson

EAST\142988453.2